JOHN KUIIN, ET AL., *v.* HENRY ADAMS, TREASURER, ET AL.

·[Abstract Kentucky Law Reporter, Vol. 1—338.

**Note as Payment.**

  Receiving the debtor's note is not the payment of a debt in the absence of an agreement by the creditor to accept the note as such payment.

APPEAL FROM KENTON⸴ CIRCUIT COURT.

October 14, 1880.

OPINION BY JUDGE PRYOR:

We see nothing in this case authorizing a reversal. There never was¹ any contract by the church or its agents to receive the $500 note as a payment on the note due by Supple. The jury were told that if the note was received as a payment the appellants were entitled to a credit, and Adams states expressly that it was not received in that manner; but the parties were told that he had no au-

thority to accept the note without the consent of the trustees. He took the note and presented it to the trustees, and they wanted the fact inserted in the note that it was not to be credited until paid, when the note was returned and another executed to be credited the amount when paid. If the jury believed Adams there was never an agreement to accept the note unconditionally as payment, and the verdict is sustained by the evidence on this point.

The fact that the church at one time had in its possession the money of Supple, and could have applied it to the payment of the note, constituted no defense. Myers, to whom the note was payable, was made a co-plaintiff, whether by his consent does not appear. There was no objection to the proceeding except by demurrer, and the petition alleging that it belonged to Adams, as treasurer, who had succeeded Myers, the latter being a coplaintiff, authorized a judgment in favor of Adams, although Myers died before the judgment was rendered. The presumption is that Myers permitted or directed the use of his name, and it is evident that Adams on the face of the petition was entitled to recover.

The appellants borrowed its money, or became the surety of one who did, and we know of no rule of public policy that would prevent its recovery.

The judgment is *affirmed*.

*T. F. Hallam, T. J. Phelps, for appellants.*

*A. C. Ellis, for appellees.*